NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JORGE ALBERTO BUENROSTRO MURGIA,<br><br>        Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 23-428<br><br>Agency No.<br>A206-535-809<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2024**
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Jorge Alberto Buenrostro Murgia petitions for review of a decision of the

Board of Immigration Appeals (BIA) affirming a decision by an Immigration

Judge (IJ) denying his applications for asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022) (quoting *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015)). We review the BIA's determination of legal questions de novo, and the agency's factual findings for substantial evidence. *Id.* Under this standard, we must defer to the agency's factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (quoting *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021)).

1. The BIA appropriately rejected Buenrostro Murgia's claims for asylum and withholding of removal on the ground that he had not shown a connection between his feared harm and any protected group. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The BIA found that Buenrostro Murgia had not advanced before the IJ his claims that he would face persecution on account of his imputed political opinion or his membership in the group "returning Mexicans after residency in the United States who will be perceived as wealthy." The BIA may reject a proposed social group on the ground that a petitioner did not advance the group before the IJ. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). On appeal to this court, Buenrostro Murgia does not

challenge the BIA's findings that he failed to do so. To the extent that Buenrostro Murgia now argues that he would be persecuted because of his actual (rather than imputed) political opinion, or because he opposes the violence of the Caballeros Templarios cartel, we may not consider these arguments because Buenrostro Murgia failed to exhaust them before the BIA. 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust . . . .") (per curiam). Buenrostro Murgia's opening brief in this court, moreover, failed to address the BIA's holding that these arguments had not been exhausted. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (stating that issues not specifically raised and argued in a party's brief are waived).[1]

2. Substantial evidence supports the BIA's determination that Buenrostro Murgia was not entitled to CAT relief because he failed to show that he would more likely than not be tortured upon return to Mexico. *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021). Buenrostro Murgia does not contend that he has been tortured in the past, and the death threats he received from his ex-wife years

---

[1] Because Buenrostro Murgia's failure to identify a protected group is dispositive of his asylum and withholding claims, and because the BIA resolved his claims entirely on that ground, we need not address Buenrostro Murgia's argument on this appeal that he faced past persecution or reasonably fears future persecution. *See Rodriguez-Zuniga*, 69 F.4th at 1016; *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").

before these proceedings do not compel the conclusion that he would more likely than not face torture in the future. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019). Additionally, the kidnapping of Buenrostro Murgia's daughter, though incontestably serious, does not compel the conclusion that he would more likely than not be tortured upon return to Mexico. *Cf. Fon v. Garland*, 34 F.4th 810, 812, 816 (9th Cir. 2022) (upholding a denial of CAT relief after soldiers had threatened to kill the petitioner, stabbed him, and ransacked his home).

Buenrostro Murgia also points to country conditions evidence. But he does not explain why this evidence of generalized crime and human rights abuses shows that he faces a particularized risk of torture by the government of Mexico or with the government's acquiescence. *See B.R. v. Garland*, 26 F.4th 827, 844–45 (9th Cir. 2022); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). He has therefore failed to show entitlement to protection under the CAT.

**DENIED.**[2]

---

[2] Because we deny the petition, Buenrostro Murgia's motion to stay his removal pending appeal (Dkt. No. 3) is denied as moot.